```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                        2:03-cr-114-FtM-29DNF

KENNETH JULES
_____


**OPINION AND ORDER**

On March 8, 2010, the Court entered an Order (Doc. #77) vacating its prior Opinion and Order (Doc. #71) pursuant to United States v. Jules, 595 F.3d 1239 (11th Cir. 2010), directing that the United States Probation office provide a copy of its Memorandum to counsel for both sides, and directing both sides to submit a memorandum regarding the contents of the Probation Memorandum within thirty days.  On March 22, 2010, the Court granted defendant's Motion for the appointment of counsel, re-appointed the Federal Public Defender's Office and directed that it submit a memorandum of law regarding the Probation Memorandum within thirty days (Doc. #79).  On April 7, 2010, the United States filed its Response (Doc. #81).  On April 16, 2010, defendant through counsel filed a Motion for Sentencing Departure Pursuant to 18 U.S.C. § 3582, or in the Alternative, for a Continuance of 60 Days (Doc. #82).  The Court will construe this motion as compliance with the March 22, 2010 Order.

**I.**

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). For the reasons set forth in the Court's prior Opinion and Order (Doc. #71), the Court finds that defendant Jules satisfies all of the eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009). First, the court must recalculate the sentence under the amended guidelines.

In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court shall consider the factors listed in § 3553(a) and the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment. United States v. Smith, 568 F.3d at 927. The court is not required to reduce defendant's sentence because that determination is discretionary. Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 1227-28 (11th Cir. 1995).

## II.

At the original sentence, the Court determined that defendant's Base Offense Level was 32, his Total Offense Level was

29, his Criminal History Category was VI, and the Sentencing Guidelines range was 151 to 188 months imprisonment. Defendant was sentenced to 151 months imprisonment. The application of Amendment 706 results in a Base Offense Level of 30, a Total Offense Level of 27, a Criminal History Category of VI, and a Sentencing Guidelines range of 130 to 162 months imprisonment.

The Probation Office reports that defendant has been sanctioned on three separate occasions for possessing marijuana while in prison, and on one of these occasions admitted smoking marijuana. Defendant has also been sanctioned once for being in an unauthorized area. Defendant admits to these violations, and advices that his punishment for these violations included being segregated, losing good time credit, and losing visitation privileges (Doc. #82, pp. 2-3). Defendant further advises that he has had no further disciplinary actions since 2006, he has worked full time in prison for the last four years, has successfully addressed his drug problem, attends church regularly, and is on a waiting list for Culinary Arts School at the prison. Considering these facts plus all of the factors listed in § 3553(a), the Court will exercise its discretion and reduce defendant's sentence by two levels. Using marijuana on multiple occasions while imprisoned indicated a serious lack of progress towards rehabilitation and a serious risk of danger to the community if defendant's term of imprisonment is reduced. Defendant's behavior in the intervening time is sufficient to convince the Court that a reduction is

appropriate.  The Court declines the alternative relief of a continuance.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion for Sentencing Departure Pursuant to 18 U.S.C. § 3582 (Doc. #82) is **GRANTED** to the extent set forth below.

2.  Defendant's Alternative Motion for a Continuance of 60 Days (Doc. #82) is **DENIED.**

3.  The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 130 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.  This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of May, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
U.S. Probation
DCCD